

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 17, 2025

**Via ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re: *Li, et al. v. Hink*, 25 Civ. 1408 (KPF)

Dear Judge Failla:

    This Office represents David Hink ("Hink"), a federal employee named as a defendant in this tort action removed from New York Supreme Court pursuant to the Federal Tort Claims Act (the "FTCA"). I write respectfully to request leave to file under seal a portion of five documents submitted in support of the Government's reply in further support of its motion to dismiss, in accordance with Section 9.B of the Court's Individual Rules.

    Along with its reply memorandum, the Government intends to file the declaration of Brian Judge ("Judge Declaration") with several exhibits, including a memorandum dated October 11, 2023, attached as Exhibit 4, and four summarized hearing records for the administrative separation board hearings of the four Plaintiffs, attached as Exhibits 8, 9, 10, and 11. The October 11, 2023 memorandum is the Coast Guard's notice to Plaintiff Damien De Fazio of the basis for involuntary separation proceedings, and includes a paragraph on page two of the memorandum containing details of the sexual assault allegation against him. The summarized hearing records contain the names of persons present at the administrative separation board hearings, the respondent's attorney's name and contact information, exhibit list, and witness list, for each hearing. Copies of the unredacted documents are filed under seal with this request, with the proposed redactions highlighted.

    While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). To determine whether a document should be permitted to be filed with redactions or under seal, the court engages in a three part test: (1) it determines whether the filing should be "classified as a judicial document,"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of the presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (cleaned up).

While the Government does not contest that the accompanying exhibits to the Judge Declaration are judicial documents, as they are submitted "as supporting material in connection with a motion" that the Court must decide, *Lugosch*, 435 F.3d at 123, the other two factors weigh in favor of permitting the Government to file this document with redactions.

First, the weight of the presumption of access to the proposed redacted information is likely relatively low here because the details of such information are not integral to the Court's adjudication of the motion to dismiss. The Second Circuit has held that "[m]oving down the continuum, away from 'matters that directly affect an adjudication' and towards 'matters that come within a court's purview solely to insure their irrelevance,'" the weight of the presumption "is low and amounts to little more than a prediction of public access absent a countervailing reason." *Lugosch*, 435 F.3d at 121.

The October 11, 2023 memorandum is filed in support of the Government's motion to dismiss to demonstrate that on or about October 11, 2023, Plaintiff De Fazio, as well as Plaintiffs Li, Diaz, and Cummings, received a notice of involuntary separation stating the conduct that caused the Coast Guard to initiate the action and giving them each notice of their legal rights. All Plaintiffs were informed that the Coast Guard initiated separation hearings because each "maltreat[ed] person(s) subject to [their] orders through the deliberate and repeated objectively offensive comments by text message communications that were of a sexualized and crude nature," and De Fazio's notice additionally included the sexual assault allegation. This document is used to support the argument that although Plaintiffs allege that Hink fabricated his allegations which led to each of their separations from the Coast Guard, in fact each Plaintiff was separated from the Coast Guard based on evidence of their own words in a group text message. The document also includes factual details of the sexual assault allegation against Plaintiff De Fazio that are not relevant for the Court's determination of whether Hink was acting within the scope of his employment for the relevant acts in this case. Because the Court need not consider the underlying facts of the sexual assault allegation to decide the Government's motion to dismiss, the presumption of access to this portion of the document is relatively low. *See id.*

The four summarized hearing records are filed in support of the Government's motion to dismiss to demonstrate that at each hearing, Hink appeared as a witness and testified under oath, and that at each hearing, the hearing board examined the contents of the group text message conversation described in each Plaintiff's notice of involuntary separation. These documents are similarly used to support the argument that that although Plaintiffs allege that Hink fabricated his allegations which led to each of their separations from the Coast Guard, in fact each Plaintiff was separated from the Coast Guard based on evidence of their own words in a group text message. These documents contain (1) a list of the board members who served on each board, (2) Plaintiffs' legal representatives and their contact information, and (3) names of individuals who testified at the administrative separation board hearings, and whose names appear in the descriptions of exhibits, but who are not named members in this civil action. Because the Court need not consider the names of board members, plaintiffs' legal representatives, or non-party individuals who were witnesses or whose name appear in exhibit descriptions to decide the Government's motion to dismiss, the presumption of access to these portions of the documents is relatively low. *See id.*

Page 3

Second, the countervailing interests against the presumption of disclosure of the details of alleged sexual assault and the identifies of persons involved in the separation hearings who are not parties to this action also weigh in favor of the proposed redactions given the subject matter of the redacted information. *See Virgil v. Finn*, No. 22 Civ. 3169 (CS) (JCM), 2025 WL 694450, at *7 (S.D.N.Y. Mar. 3, 2025) ("Protecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents." (quoting *Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024)); *Long v. Off. of Pers. Mgmt.*, 692 F.3d 185, 195 (2d Cir. 2012) ("Because a very slight privacy interest would suffice to outweigh the relevant public interest, we need not be exact in our quantification of the privacy interest. It is enough for present purposes to observe that the employees' interest in nondisclosure is not insubstantial." (quoting *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 500 (1994))); *Kelly v. City of New York*, No. 01 Civ. 8906, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (noting that "redacting the employees' names will have minimal consequence"). In these situations, the protection of privacy is a strong countervailing interest that outweighs the presumption of access.

The Government conferred with Plaintiffs' counsel who concurs that the portions of the memorandum and summarized hearing records discussed herein should be redacted from the versions filed on the public docket and that the unredacted versions should be filed under seal.

I thank the Court for its consideration of this request.

                                                      Respectfully submitted,

                                                      JAY CLAYTON
                                                      United States Attorney for the
                                                      Southern District of New York

By:    */s/ Rachel Kroll*
        RACHEL KROLL
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2765
        E-mail: Rachel.Kroll@usdoj.gov

Application GRANTED. The Clerk of Court is directed to file the unredacted documents at docket entry 19 under seal, viewable only to the Government, Plaintiffs, and the Court.

The Clerk of Court is further directed to terminate the pending motion at docket entry 18.

Dated:     June 18, 2025                SO ORDERED.
           New York, New York

                                        *Katherine Polk Failla*

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE